BOLIN, Judge.
Mary Gibson, a guest passenger in an automobile being driven by Lucian Joiner, brought this suit against Joiner, Travis Carder, and the latter’s insurer to recover damages for injuries resulting when the Joiner vehicle collided with a car being driven by Carder. Following a jury trial judgment was rendered in accordance with the verdict holding all defendants liable in solido to plaintiff in the amount of $500. Only Carder and his insurer have appealed. Since plaintiff has neither appealed nor answered the appeal, the issue of quantum is not before us and the judgment against Joiner is final. We reverse that portion of the judgment rendered against Carder and his insurer.
Appellants argue there is insufficient evidence to support a finding of negligence on the part of Carder while appellee contends the jury verdict should be affirmed.
Carder was driving east in the outside or curb lane for eastbound traffic on 70th Street, which is a four-lane thoroughfare running east and west in the City of *808 Shreveport, Louisiana. Joiner, who was approaching from the east on 70th Street, attempted a left turn into Antioch Street and the right side of his car was struck by the front of the Carder vehicle. Carder estimated his speed at between 35 and 40 miles per hour. According to the investigating officer Carder’s vehicle left approximately 60 feet of skid marks before impact which occurred in Carder’s lane of travel. Carder testified that while he was proceeding east on 70th Street the Joiner vehicle suddenly, and without warning or signal light, made a left turn in front of him; that he applied his brakes but could not avoid the collision.
Joiner testified he was traveling at a slow rate of speed and had engaged the left-turn blinker when he made the turn but that he never saw the oncoming Carder vehicle until impact. Plaintiff, who was an elderly woman and was a passenger in the back seat, did not remember anything about how the accident happened.
The trial judge denied a motion for a new trial filed by Carder and his insurer, but remarked that while he did not agree with the jury’s verdict against appellants, he nevertheless denied the motion rather than go through another jury trial on a relatively small case.
We find that Carder was driving at a reasonable rate of speed, within the posted speed limit of 40 miles per hour, on a right-of-way street; that he had no warning Joiner would attempt to turn left in front of him until the turn was commenced, at which time he applied his brakes but was unable to avoid the collision. We find further that the sole cause of the accident was Joiner’s negligence in turning left in front of oncoming traffic in direct violation of the Louisiana Highway Regulatory Act. (See La.R.S. 32:122 and cases annotated thereunder.)
That portion of the judgment assessing liability against Travis Carder and Casualty Reciprocal Exchange, Kansas City, Missouri, in solido, is reversed and plaintiff’s demands against these defendants are rejected at plaintiff’s costs.